UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK BUSHBECK, et al.,

                    Plaintiffs,

          v.

CHICAGO TITLE INSURANCE
COMPANY,

                    Defendant.

CASE NO. C08-0755JLR

ORDER

## I.    INTRODUCTION

Before the court is Plaintiffs Mark and Raelene Bushbeck's ("the Bushbecks")
motion for leave to file a second motion for class certification (Dkt. # 117).  On August
15, 2011, the court denied the Bushbecks' motion for class certification brought on behalf
of all customers of Defendant Chicago Title Insurance Company ("CTIC") in the State of
Washington.  (Order (Dkt. # 115).)  The Bushbecks now assert that "[u]pon review of the
[c]ourt's [o]rder, Plaintiffs believe that a class of CTIC's King County customers satisfies

1 the requirements of [Federal] Rule[s of Civil Procedure] 23(a) and . . . 23(b)(3) for two of

2 Plaintiffs' claims:  the [Real Estate Settlement Procedures Act ("RESPA")] claim and the

3 Washington Consumer Protection Act [("WCPA")] claim."  (Mot. (Dkt. # 117) at 1.)

4 Having considered the briefing of the parties, the record, and the relevant law, the court

5 GRANTS the Bushbecks' motion (Dkt. # 117).

6                                    **II.      BACKGROUND**

7         On or about July 10, 2007, the Bushbecks signed closing documents for a

8 refinance on a home located in King County, Washington.  (*See* Am. Compl. ¶¶ 13, 68.)

9 The "settlement agent" was CTIC.  (*Id.* ¶ 69.)  The Bushbecks' transaction involved the

10 repayment of two prior mortgage loans.  (*Id.* ¶ 70.)  The documentation associated with

11 the two prior loans indicated that Countrywide would perform any needed

12 reconveyances.  (*Id.* ¶ 71.)  At the time they signed the refinancing documents, the

13 Bushbecks received an "Estimated Settlement Statement" ("Estimated HUD-1"), which

14 detailed the fees the Bushbecks paid into escrow in connection with their refinance.  (*Id.*

15 ¶¶ 73-76 & Ex. A.)  The Estimated HUD-1 reflects that the Bushbecks paid to CTIC a

16 reconveyance fee of $270.00.  (*Id.* ¶¶ 77-78 & Ex. A.)  The Bushbecks allege, however,

17 that CTIC did not perform or record a reconveyance with respect to either of their prior

18 loans, but rather that Countrywide performed the reconveyances.  (*Id.* ¶ 93.)  The

19 Bushbecks further allege that CTIC performed no services in exchange for the

20 reconveyance processing fees that it charged to the Bushbecks.  (*Id.* ¶¶ 89, 98.)

21         On May 14, 2008, the Bushbecks filed a putative class action complaint on behalf

22 of themselves and a nationwide class of persons "who purchased directly from [CTIC]

ORDER- 2

1    . . . escrow settlement services for residential property in the United States during the

2    five (5) year period preceding the filing of this complaint and who were (1) charged one

3    or more reconveyance fee(s) by [CTIC]; and (2) where [CTIC] did not actually perform

4    the [reconveyance] service . . . ." (Compl. (Dkt. # 1) at ¶ 47.)  The Bushbecks alleged

5    claims for breach of contract, violations of RESPA, violations of WCPA, unjust

6    enrichment, breach of fiduciary duty, and breach of duties as an agent.  (*See generally*

7    Compl.)  On June 30, 2010, the Bushbecks filed an amended complaint that limited the

8    geographic scope of their proposed class to CTIC's customers located within the State of

9    Washington (Am. Compl. ¶ 109), and limited their claims to breach of the duty of good

10   faith and fair dealing, violations of RESPA, and violations of WCPA (*id.* ¶¶ 120-142).

11            On August 10, 2010, the Bushbecks filed their Renewed Motion for Class

12   Certification.[1]  The court denied the motion determining that the claims – brought on

13   behalf of all CTIC customers in the State of Washington – were not amenable to class-

14   wide resolution.  (*See* Order (Dkt. # 115).)  The Bushbecks now seek permission to file a

15   second motion for class certification on behalf of an even narrower class, and one

16   subclass.  The Bushbecks propose a class involving only CTIC's King County customers,

17   and involving only two claims, namely RESPA and WCPA.  (*See* Mot. at 7.)  To resolve

18

19

20            [1] Even though styled as a "renewed" motion, this was in essence the Bushbecks' first
     motion for class certification.  The Bushbecks originally filed a motion for class certification on
     November 20, 2009.  (Dkt. # 38.)  The court, however, stayed the motion pending its resolution
     of CTIC's motion for summary judgment.  (Dkt. # 54.)  In June 2010, the court granted in part
21   and denied in part CTIC's motion for summary judgment (Dkt. # 73), and set a new schedule for
     the class certification motion (Dkt. # 77).  The Bushbecks filed their "renewed" motion in accord
22   with the court's scheduling order.  (*See* Dkt. # 82.)

ORDER- 3

1    issues concerning RESPA's one year statute of limitations, the Bushbecks also propose a

2    subclass of King County CTIC customers whose transactions occurred no more than one-

3    year prior to the filing of the Bushbeck's complaint.  (*Id.* at 8, 11-12.)

### III.    ANALYSIS

5         Federal Rule of Civil Procedure 23(c)(1)(C) states that "[a]n order that grants or

6    denies class certification may be altered or amended before final judgment."  Fed. R. Civ.

7    P. 23(c)(1)(C).  The Ninth Circuit has affirmed that district courts have broad discretion

8    to revisit certification throughout the legal proceedings.  *See Armstrong v. Davis*, 275

9    F.3d 849, 872 n.28 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*,

10    543 U.S. 499, 504-05 (2005).

11         The Bushbecks assert that upon review of the court's order denying class

12    certification of a state-wide class, they believe that a class of CTIC's King County

13    customers, along with a subclass encompassing class members whose transactions

14    occurred within one year of the filing of the complaint, would satisfy the requirements of

15    Rule 23 for their RESPA and WCPA claims.  (Mot. at 1.)  Without deciding the issue, the

16    court notes that the Bushbecks make a compelling argument that many of the court's

17    concerns regarding a state-wide class, discussed in its order denying class certification,

18    may be ameliorated by a class that is limited in geography to King County and limited to

19    the Bushbecks' RESPA and WCPA claims as well.  (*See* Mot. at 8-12.)

20         "Courts applying Rule 23 . . . do not deny class certification based on timeliness

21    unless the delay has prejudiced a defendant."  *Arnold v. Ariz. Dep't of Pub. Safety*, 233

22    F.R.D. 537, 541 (D. Ariz. 2005).  CTIC asserts that the court's consideration of a second

ORDER- 4

1   motion for class certification will unduly delay these proceedings, and that the parties

2   "should be permitted to move forward to a speedy and just resolution of this litigation."

3   (*See* Resp. (Dkt. # 119) at 7-8.)[2]

4          The court recognizes that this litigation already has been pending for more than

5   three and a half years.  Some of that time, however, has lapsed as a direct result of

6   CTIC's litigation strategy.  For example, CTIC requested a stay in the court's

7   consideration of the Bushbeck's original motion for class certification until after the

8   court's resolution of CTIC's motion for summary judgment.  (*See* Mot. to Cont. Class

9   Cert. (Dkt. # 45); Min. Entry (Dkt. # 54); Dec. 15, 2009 Order (Dkt. # 54).)  If the court

10  had granted CTIC's motion in full, then the parties would have avoided the time and

11  expense of litigating the Bushbeck's class certification motion.  The court, however, did

12  not grant CTIC's motion in full (*see* June 1, 2010 Order (Dkt. # 73)), and accordingly set

13  a new schedule for the Bushbeck's motion for class certification based on the parties'

14  stipulation (June 17, 2010 Order (Dkt. # 77)).  The prospect of a significant delay in the

15  resolution of the class certification issue was a risk that CTIC assumed when it decided to

16  seek a stay with respect to that portion of the litigation.

17         The Bushbecks timely filed their original motion for class certification, as well as

18  their renewed motion for class certification.  The Bushbecks notified CTIC and the court

19  regarding their intention to file a motion for leave to file a second motion for class

20

21         [2] Other than the delay inherent in the court's consideration and disposition of a second
22  motion for class certification, CTIC has not alleged any other type of prejudice arising out of the
    Bushbeck's request to file a second motion for class certification.  (*See generally* Resp.)

1   certification within approximately three weeks of the court's denial of their renewed

2   motion for class certification.  (*See* Min. Entry (Dkt. # 116) ("Mr. Loeser advises the

3   court that he may file a motion for leave to certify a King County class.").)  Within

4   another three weeks, the Bushbecks had filed their motion.  (*See* Dkt. # 117.)  The court

5   finds that any delay caused by its consideration of the Bushbecks' proposed second

6   motion for class certification will not cause undue prejudice to CTIC, particularly in light

7   of CTIC's prior litigation strategy which involved requesting a stay of the Bushbecks'

8   original motion for class certification.  *See, e.g.*, *Pyke v. Cuomo*, 209 F.R.D. 33, 35-37

9   (N.D.N.Y. 2002) (holding that class certification motion was not untimely though it was

10  filed more than ten years after the action was commenced where defendants were unable

11  to demonstrate prejudice and discovery was ongoing).  Accordingly, the court grants the

12  Bushbecks' motion for leave to file a second motion for class certification.

13                          **IV.    CONCLUSION**

14          Based on the foregoing, the court GRANTS the Bushbecks' motion for leave to

15  file a second motion for class certification (Dk.t # 117).  The court further ORDERS as

16  follows:

17          1.   The Bushbecks' second motion for class certification shall be consistent with

18               the proposed class and subclass described in their present motion for leave.

19               (*See* Mot. at 7-8.)

20          2.   Any additional discovery with respect to class certification shall be limited to

21               the Federal Rule of Civil Procedure 30(b)(6) deposition specifically referenced

22               in the Bushbecks' motion.  (*See* Mot. at 10.)

3.  The parties shall submit a proposed schedule with respect to the above-
referenced Rule 30(b)(6) deposition, as well as briefing schedule with respect
to the motion, within ten days of the date of this order.

Dated this 8th day of February, 2012.


JAMES L. ROBART
United States District Judge